# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SAMUEL STEIN

                Petitioner,    :    Case No. 3:14-cv-274

    - vs -                            District Judge Thomas M. Rose
                                          Magistrate Judge Michael R. Merz

WARDEN, Ross Correctional
Institution,
                                       :

                Respondent.

## THIRD SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 28) to the Magistrate Judge's Second Supplemental Report and Recommendations (the "Third Report," Doc. No. 25). The record has been supplemented by the Warden since the Third Report (Doc. No. 27) and Judge Rose has recommitted the case for reconsideration in light of the Objections (Doc. No. 29).

**Petitioner's Filing Practice**

      Because of concern about mailing delays in the case, the Court ordered Stein to use the scanner-sender provided by the Court at Ross Correctional Institution to make his filings (Doc. No. 13, PageID 1263). Stein has steadfastly refused to do so and his refusal has generated a great deal of satellite litigation of the sort that providing the scanners was intended to avoid.

      In her most recent filing, Assistant Attorney General Reese, the Warden's trial attorney in

1

this case, has provided an explanation of the process of collecting outgoing inmate mail at Ross Correctional and delivering it to the United States Postal Service (Supplement to Notice of Filing, Doc. No. 27) Considering that explanation in the context of other filings on this question in this case, the Court is persuaded that these issues cannot be readily resolved in this litigation.

Regardless of how and when they were sent, the Court now has before it all of Stein's substantive arguments and will consider all of them in this Report without further consideration of how they were sent. The order to Stein to use the scanning facility is VACATED. Stein is reminded that his certificate of mailing on any future documents is not conclusive proof that they were mailed when he claims to have mailed them.

**Stein's Most Recent Objections**

Rather than attempt to re-structure Stein's arguments, this Report will closely parallel his most recent Objections, hopefully to make it easier for the reviewing District Judge to compare the analysis.

**First Objection – Supposed State Admissions**

Stein asserts at the outset of the Objections that "Respondent has never denied any of the factual allegations in his Application or Reply, and as such is deemed to have admitted them under Fed. R. Civ. P. 8." (Doc. No. 28, PageID 1452.) Stein repeats this assertion at PageID 1462. To the contrary, the very first words of the Respondent's Answer read "Respondent Mark Hooks through counsel denies each of the allegations made by Petitioner Samuel C. Stein

(hereinafter 'Stein') except those expressly admitted herein." (Doc. No. 7, PageID 1088.)

**Second Objection – Supposed Overcoming of Procedural Defaults**

The Warden asserted that many of Stein's claims, beginning numerically with the Fourth Ground for Relief, were claims based on facts of record at the time of direct appeal, but not raised in that proceeding and therefore barred under Ohio's criminal *res judicata* doctrine as enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967). The original Report noted that *Perry* was still good law in Ohio and that the Sixth Circuit had repeatedly held that doctrine was an adequate and independent state ground of decision (Report, Doc. No. 11, PageID 1242).

### Res Judicata

In his current Objections, Stein argues "[r]es judicata would apply IF those claims had been addressed previously." (Doc. No. 28, PageID 1454.) To the contrary, under *State v. Perry, supra*, *res judicata* bars claims actually made and decided **and** claims which could have been raised because they depend on the record, but were not raised on direct appeal.

> 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.. . .
>
> 9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant*

>>*at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *Perry*, 10 Ohio St. 2d 175(emphasis *sic*.).  *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling,* 21 Ohio St. 2d 13 (1970).   Ohio's *res judicata* doctrine remains fully applicable to this case and bars any claims which depend on the appellate record but were not raised on direct appeal.

### Effect of 26(B) Application

Stein continues to insist that there was no procedural default in failing to raise Ground Four and other grounds which depend on the record on direct appeal because somehow *State v. Murnahan,* 63 Ohio St. 3d 60 (1992), somehow makes *State v. Perry* inapplicable (Doc. No. 28, PageID 1454).  To the contrary, *Murnahan* held claims of ineffective assistance of appellate counsel could not be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21, but had to be raised in the courts of appeals or the Ohio Supreme Court. *Murnahan* set the stage for adoption of Ohio App. R. 26(B) on July 1, 1993, which provided a regular procedure for raising claims of ineffective assistance of appellate counsel.  That is the only kind of claim which can be brought in a 26(B) application.  Raising a claim in a 26(B) application as an assignment of error omitted by appellate counsel, allegedly as a result of ineffective assistance, does not resurrect that assignment of error for decision on the merits.  An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir.  2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001).  "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion

"would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

### Delay in Filing the 26(B) Application

An Application for Reopening under Ohio R. App. P. 26(B) must be filed within sixty days of the final judgment sought to be reopened. Stein's 26(B) Application was filed much later than that. The Second District Court of Appeals held Stein had not provided a sufficient explanation for the delay and denied the 26(B) Application as untimely. Prior Reports in this case have held that the question of timeliness on a 26(B) application is one of state law which this Court cannot review for "reasonableness."

Stein objects that 28 U.S.C. § 2254 "does grant this court authority to review the state court's decision." (Doc. No. 28, PageID 1454-55.) He then offers as an example of an unreasonable determination of the facts the Second District's refusal to consider, on his Motion for Reconsideration, the fact "that he has been in a 'lockdown block' since August 2013." *Id.* In denying his Motion for Reconsideration, the Second District stated the general standard for reconsideration under Ohio R. App. P. 26(A), to wit, that the court of appeals has failed to consider an issue that was before it in deciding the matter sought to be reconsidered. *State v. Stein*, Case No. 25342 (2nd Dist. Apr. 14, 2014)(unreported, copy at Return of Writ, Doc. No. 6-1, PageID 399, citing *State v. Dunbar*, 2007-Ohio-3261, ¶ 182 (8th Dist. 2007)). The Second District then held it did not consider Stein's lockdown status "for the simple reason that these facts were neither alleged nor mentioned in Stein's application [under Ohio R. App. P. 26(B)]."

5

*State v. Stein, supra,* at PageID 399.

Stein says this is "but one example of an unreasonable determination of the facts in light of the evidence presented that exist in the case." (Doc. No. 28, PageID 1455.)  Stein does not give any other examples.  He also does not say what is unreasonable about this determination of facts.  If he is claiming he did mention the lockdown status in his 26(B) Application, he fails to cite to the state court record to show that.

Or it may be that Stein is saying the unreasonableness consists in not considering, on reconsideration, a fact not mentioned initially.  But that is following precedent – *State v. Dunbar* – not a determination of facts.  Or he may be claiming the Second District unreasonably evaluated the facts.  But evaluating facts is different from deciding what facts exist.

Stein not only claims the Second District unreasonably determined the facts, but that this Court can overruled that unreasonable determination.  But that is a misreading of our authority under the habeas corpus statutes.  28 U.S.C. § 2254(d) provides:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute does not give federal courts authority to overturn a decision on any sort of "claim" made in a state criminal case, but only decisions on claims of federal constitutional right.  28 U.S.C. § 2254(a) only allows us to hear "claims" that a person is "in custody . . . in violation of

the Constitution or laws or treaties of the United States."

Stein made a "claim" that he should have been allowed to file his 26(B) application late and the Second District denied that "claim." But that is not a claim under the United States Constitution. It is Ohio R. App. P. 26(B) that sets the time limits for filing an Application for Reopening and permits a court of appeals to excuse a late filing for good cause. The time limit and the excuse are both matters of state law.

### Reliance on *Martinez* and *Trevino*

Stein argues his "situation [is] in fact almost identical to those found in *Trevino* and *Martinez*, an assertion the R&R does not contradict. In addition, *Martinez* and *Trevino* specifically held that not having counsel during a state's initial collateral attack can establish cause to excuse a procedural default. The cases cited in the R&R are inapplicable to this matter." (Doc. No. 28, PageID 1455.)

To the contrary, in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), the Court held that when a State requires a prisoner to raise an ineffective-assistance-of-**trial**-counsel claim in a collateral proceeding and the prisoner failed to do so, the prisoner can show cause to excuse that default by showing no lawyer at all was appointed in that proceeding or the appointed lawyer provide ineffective assistance of post-conviction counsel. *Martinez* and *Ryan* have to do only with excusing default of ineffective assistance of trial counsel claims, which is not at issue in this case. The Sixth Circuit has expressly held that *Martinez* and *Trevino* do not apply to ineffective assistance of appellate counsel claims. *Hodges v. Colson,* 711 F.3d 589, 603 (6th Cir. 2013).

7

### Supposed Inability to File Post-Conviction Petition

To excuse his failure to file a petition for post-conviction relief under Ohio Revised Code § 2953.21, Stein claims he could not do so at the time required because Ohio prohibits hybrid representation and he had a direct appeal lawyer at the time. That argument is unavailing because Ohio does not prohibit a person filing a post-conviction petition *pro se* while his direct appeal with appointed counsel is still pending. In fact, the Ohio post-conviction system practically requires that because the time limit on post-conviction petitions runs from the date the transcript is prepared. Stein's appellate lawyer was appointed only for appeal, not to file a post-conviction petition.

### Third Objection – Individual Grounds for Relief

**Ground Eight** – admission of damaging testimony. The Objections (Doc. No. 28, PageID 1458) do not require analysis beyond what is in the prior Reports.

**Ground Nine** - disallowance of juror note taking. The Objections (Doc. No. 28, PageID 1457-58) do not require analysis beyond what is in the prior Reports.

**Grounds Twelve and Thirteen** – unconstitutional seizure of evidence. The original Report noted that trial counsel filed a motion to suppress and that habeas review was barred by *Stone v. Powell*, 428 U.S. 465 (1976). Stein objects that his lawyer provided ineffective assistance of trial counsel by not appealing denial of the motion to suppress "BEFORE trial." As authority for such an appeal, he cites *Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982). But Ohio

law does not permit such an appeal and *Riley* does not hold to the contrary. Instead Ohio has a strong requirement for a final appealable order as a predicate for an appeal.[1]

**Ground Seventeen** – allowance of hearsay, speculation, and leading questions. The original Report found these claims are all related to state law evidentiary issues and also procedurally defaulted on the same basis as Ground Four (Report, Doc. No. 11, PageID 1251-52). In his original Objections, Stein claimed this evidence made the trial unfair (Doc. No. 20, PageID 1301). In his present Objections, he shifts ground to claiming Confrontation Clause violations (Doc. No. 28, PageID 1458). He gives no examples at all.

**Ground Nineteen** – evidence tampering. This Ground for Relief requires no additional analysis.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 31, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

---

[1] Under limited circumstances, Ohio Rule Crim. P. 12(K) permits a pretrial appeal on a motion to suppress by the State, but not by a defendant.

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).