## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

SAMUEL C. STEIN,

          Petitioner,

v.

WARDEN, Ross Correctional Institution,

          Respondent.

Case No. 3:14-cv-274

Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

---

**ORDER OVERRULING STEIN'S OBJECTIONS (DOC. 20) TO THE REPORT AND RECOMMENDATIONS (DOC. 11); OVERRULING STEIN'S OBJECTIONS (DOC. 28) TO THE SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. 25); OVERRULING STEIN'S OBJECTIONS (DOC. 31) TO THE THIRD SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. 30); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. 11), SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. 19), SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. 25), AND THIRD SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. 30) IN THEIR ENTIRETY; DISMISSING STEIN'S PETITION FOR WRIT OF HABEAS CORPUS (DOC. 10) WITH PREJUDICE; DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY; CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND TERMINATING THIS CASE**

---

      This matter is before the Court on the Objections (Docs. 20, 28, 31) filed by Petitioner Samuel C. Stein ("Stein") to the Magistrate Judge's Report and Recommendations (Doc. 11), Supplemental Report and Recommendations (Doc. 19), Second Supplemental Report and Recommendations (Doc. 25), and Third Supplemental Report and Recommendations (Doc. 30), all of which recommended that Stein's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (the "Petition") (Doc. 10) be dismissed with prejudice.   The Magistrate Judge further recommended that, as reasonable jurists would not disagree with this

1

conclusion, Stein should be denied a certificate of appealability and the Court should certify to the Sixth Circuit Court of Appeals that any appeal would be objectively frivolous and Stein should not be permitted to proceed *in forma pauperis*.   (Doc. 30, PageID 1475.)

As stated below, the Court overrules Stein's Objections (Docs. 20, 28, 31) and adopts the Report and Recommendations (Doc. 11), Supplemental Report and Recommendations (Doc. 19), Second Supplemental Report and Recommendations (Doc. 25), and Third Supplemental Report and Recommendations (Doc. 30) in their entirety.   Accordingly, Stein's Petition (Doc. 10) is dismissed with prejudice.

## **BACKGROUND**

This is a habeas corpus case brought by Stein *pro se* under 28 U.S.C. § 2254.   Stein filed the Petition for habeas corpus relief on August 18, 2014.   (Doc. 10.)   On September 30, 2014, the Respondent Mark Hooks, Warden of the Ross Correctional Institution in Chillicothe, Ohio, ("Warden") filed an Answer/Return of Writ (the "Answer").   (Doc. 7.)   On December 1, 2014, Stein filed a response to the Warden's Answer.   (Doc. 9.)

On December 10, 2014, Magistrate Judge Michael R. Merz entered the initial Report and Recommendations, which recommended that the Petition be dismissed with prejudice.   (Doc. 11.) On January 8, 2015, Magistrate Judge Merz entered a Supplemental Report and Recommendations, again recommending dismissal with prejudice of the Petition.   (Doc. 19.)   On January 28, 2015, Stein filed Objections to the initial Report and Recommendations.   (Doc. 20.) On the next day, January 29, 2015, the Court entered a Recommittal Order directing Magistrate Judge Merz to analyze Stein's Objections and submit a supplemental report and recommendation. (Doc. 21.)

On March 3, 2015, Magistrate Judge Merz entered the Second Supplemental Report and

Recommendations.  (Doc. 25.)   Once again, he recommended dismissal with prejudice of the Petition.  (*Id.*)   On March 23, 2015, Stein filed Objections to the Second Supplemental Report and Recommendations.  (Doc. 28.)   On March 24, 2015, the Court entered a second Recommittal Order directing Magistrate Judge Merz to supplement his prior Reports and Recommendations in light of Stein's Objections.  (Doc. 29.)   On March 31, 2015, Magistrate Judge Merz entered the Third Supplemental Report and Recommendations, which recommended for the fourth time that Stein's Petition be dismissed with prejudice.  (Doc. 30.)   On April 20, 2015, Stein filed Objections to the Third Supplemental Report and Recommendations.  (Doc. 31.)   The Warden did not file a response to Stein's most recent Objections, and the time for him to do so has expired. As Stein's Objections do not merit further consideration by the Magistrate Judge, the Reports and Recommendations regarding Stein's Petition are ripe for the Court's review.

## <u>REVIEW</u>

As required by 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge completed a *de novo* review of the record in this case.   Upon review, the Court agrees with the thorough analysis contained in the Magistrate Judge's Report and Recommendations, Supplemental Report and Recommendations, Second Supplemental Report and Recommendations, and Third Supplemental Report and Recommendations.   The Court finds that all of Stein's Objections have been addressed in the Magistrate Judge's prior Reports and Recommendations.   Nonetheless, the Court will address Stein's Objections to the Third Supplemental Report and Recommendations to ensure a clear statement of the bases for the Court's dismissal of his Petition.

## **The Warden's Supposed Admissions**

Stein previously asserted that the Warden failed to deny the factual allegations in the Petition, "and as such is deemed to have admitted them under Fed. R. Civ. P. 8." (Doc. 28, PageID 1452.) The Magistrate Judge rejected this assertion, noting that the first sentence in the Warden's Answer read "Respondent Mark Hooks through counsel denies each of the allegations made by Petitioner Samuel C. Stein (hereinafter 'Stein') except those expressly admitted herein." (Doc. 30, PageID 1467-68, citing Doc. 7, PageID 1088.) In Stein's Objections to the Third Supplemental Report and Recommendations, he now asserts that the Warden's "general denial" is not sufficient to deny the "actual details" contained in the Petition. (Doc. 31, PageID 1478, citing *Cristini v. McKee*, 526 F.3d 888 (6th Cir. 2008); *Chavez v. Morgan*, 932 F. Supp. 1152 (E.D. Wisc. 1996); *Felder v. Alabama*, 943 So. 2d 802 (Alabama Crim. Appellate 2006).) Stein's characterization of the Warden's Answer as a "general denial" is inaccurate, and the Warden has not admitted the factual allegations in the Petition.

"The procedure for responding to the application for a writ of habeas corpus . . . is set forth in the habeas corpus statutes and, under Rule 81(a)(2), takes precedence over the Federal Rules." *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 269, n. 14, 98 S. Ct. 556, 563, n. 14, 54 L.Ed.2d 521 (1978). Rule 5 of the Rules Governing § 2254 Cases states that the answer to a habeas petition "must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(b), 28 U.S.C. foll. § 2254. Here, in addition to denying the Petition's allegations, the Warden's Answer detailed the procedural history of Stein's case at the trial and appellate level and responded to each of the grounds for relief asserted in the Petition. (Doc. 7) The Answer was sufficient under Rule 5. Accordingly, the

4

Magistrate Judge properly rejected Stein's assertion that the Warden had admitted the Petition's allegations.

### Res Judicata and Ohio Appellate Rule 26(B)

Stein argues that the doctrine of *res judicata* does not apply in cases where the petitioner failed to raise claims on appeal due to ineffective assistance of appellate counsel.  (Doc. 31, PageID 1478-79, citing *State v. Davis*, 119 Ohio St. 3d 422 (citing *State v. Murnahan*, 63 Ohio St. 3d 60 (1992)).)  As stated by the Magistrate Judge, "*res judicata* bars claims actually made and decided **and** claims which could have been raised because they depend on the record, but were not raised on direct appeal."  (Doc. 30, PageID 1469, citing *State v. Perry*, 10 Ohio St. 2d 175.)  The doctrine of *res judicata* applies to all covered claims regardless of whether the petitioner also has brought a claim for ineffective assistance of appellate counsel under Ohio Appellate Rule 26(B). *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2001) (raising a procedurally defaulted claim in a Rule 26(B) application as an error committed by ineffective appellate counsel does not permit consideration of that claim on the merits).  Stein's objection to the application of *res judicata* is overruled.

Stein asserts that the Third Supplemental Report and Recommendations misstates the Ohio Supreme Court's holding in *State v. Murnahan*, 63 Ohio St. 3d 60 (1992) and that the Sixth Circuit's holding in *Wogenstahl v. Mitchell*, 668 F.3d 307 (6th Cir. 2001) is inapplicable in this case.  (Doc. 31, PageID 1479.)  Stein is incorrect on both counts.  The Court agrees with the Magistrate Judge's analysis and application of *Murnahan* and *Wogenstahl*.  (Doc. 30, PageID 1470-71.)  No further discussion of those cases is necessary here.

Stein also restates his objection to the Magistrate Judge's consideration of his argument that the Ohio court of appeals should not have denied his application under Ohio Appellate

26(B) as untimely.   (Doc. 31, PageID 1479.)   The Court agrees with the analysis of this issue in the Third Supplemental Report and Recommendations, and has nothing to add to that analysis here.   (Doc. 30, PageID 1471-73.)

### *Martinez* **and** *Thaler*

Stein argues that the Third Supplemental Report and Recommendations incorrectly applies the Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. __, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).   (Doc. 31, PageID 1480.)   The Court disagrees; the Magistrate Judge has correctly applied both *Martinez* and *Trevino*.   (Doc. 11, PageID 1244; Doc. 25 at 9-10; Doc. 30, PageID 1473.)

Stein specifically takes issue with the statement that the Sixth Circuit "expressly held that *Martinez* and *Trevino* do not apply to ineffective assistance of appellate counsel claims."   (Doc. 30, PageID 1473, citing *Hodges v. Colson*, 711 F.3d 589, 603 (6th Cir. 2013).)   Stein states that he has read *Hodges* and it contains "no mention of *Trevino* whatsoever."   (Doc. 31, PageID 1480.) Stein is correct that, in *Hodges*, the Sixth Circuit did not expressly refer to *Trevino*.   The Sixth Circuit discussed *Martinez* at length, however, and expressly held that it does not apply to ineffective assistance of appellate counsel claims.   *Hodges*, 711 F.3d at 603.   In *Trevino*, the Supreme Court extended the same rule that it applied in *Martinez* to a prisoner's claim for ineffective assistance of trial counsel under Texas state law.   *Trevino*, 133 S. Ct. at 1912.   As *Trevino* applied the same rule announced in *Martinez*, the Sixth Circuit's holding in *Hodges* applies equally to *Trevino*.

### **Individual Grounds for Relief**

Stein objects to the analysis in the Third Supplemental Report and Recommendations of certain individual grounds upon which he seeks relief.   The Court addresses only those objections

6

that purport to raise issues that have not already been addressed by the Magistrate Judge.

Grounds Twelve and Thirteen:  Stein states that he is "extremely confused" by the analysis of his twelfth and thirteenth grounds for relief.  (Doc. 31, PageID 1480.)  Stein's confusion appears to be due to a misunderstanding of the holding in *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).  Stein previously objected that his "trial counsel was ineffective for not appealing the trial court's decision [denying a motion to suppress] BEFORE trial."  (Doc. 28, PageID 1458 (emphasis in original).)  In support of this objection, Stein cited *Riley* for the proposition that "a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal."  (*Id.*, citing *Riley*, 674 F.2d at 526.)  It appears that Stein construes this quotation from *Riley* as establishing a right to appeal the denial of a motion to suppress ***before*** trial.  As noted by the Magistrate Judge, however, *Riley* does not establish such a right.  *Riley* holds that a "direct appeal" of the denial of a motion to suppress is permitted, but any such appeal still must follow the entry of a final, appealable order, as required by Ohio law.  The Third Supplemental Report and Recommendations correctly states the law on this issue and its application to Stein's twelfth and thirteenth grounds for relief.

## CONCLUSION

Stein's Objections (Docs. 20, 28, 31) to the Report and Recommendations, Supplemental Report and Recommendations, Second Supplemental Report and Recommendations, and Third Supplemental Report and Recommendations are OVERRULED.  The Magistrate Judge's Report and Recommendations (Doc. 11), Supplemental Report and Recommendations (Doc. 19), Second Supplemental Report and Recommendations (Doc. 25), and Third Supplemental Report and Recommendations (Doc. 30) are ADOPTED in their entirety.  The Court hereby DISMISSES Stein's Petition (Doc. 10) with prejudice.  In addition, the Court DENIES any request for a

7

certificate of appealability and CERTIFIES to the Sixth Circuit that any appeal would be objectively frivolous and Stein should not be permitted to proceed *in forma pauperis*.

      **DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, June 2, 2015.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

8